IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

RAYMOND B. PITTS, #N1832                                                                                             PLAINTIFF

vs.                                                            CIVIL ACTION NO. 5:18-cv-75-DCB-MTP

MANAGEMENT & TRAINING CORPORATION,
and JOHN AND JANE DOES 1-100                                                       DEFENDANTS

### ANSWER AND DEFENSES OF MANAGEMENT & TRAINING CORPORATION TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Defendant Management & Training Corporation ("MTC"), by and through counsel, and responds to Plaintiff's First Amended Complaint [41] against it, as follows:

### FIRST DEFENSE

The First Amended Complaint filed herein against this Defendant fails to state a claim upon which relief may be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant further raises all other defenses available to them pursuant to Rule 12(b)(1) through (7) of the Federal Rules of Civil Procedure, including insufficiency of process and insufficiency of service of process, and moves to dismiss thereto, as applicable.

### SECOND DEFENSE

### ANSWER

Without waiving the right to be heard on the foregoing defenses, this Defendant responds to the Plaintiff's First Amended Complaint, paragraph by paragraph, as follows:

1.        The allegations contained in Paragraph 1 of Plaintiff's First Amended Complaint do not contain any allegations requiring a response from Defendant. To the extent a response may be required, Defendant denies all liability and admit only that Plaintiff has filed an Amended Complaint

against it.

## JURISDICTION AND VENUE

2. It is admitted that jurisdiction is proper in this Court. The remaining allegations contained in Paragraph 2 of Plaintiff's First Amended Complaint are denied as stated.

3. It is admitted that venue is proper in this Court. The remaining allegations contained in Paragraph 3 of Plaintiff's Complaint are denied as stated.

## PARTIES

4. Admitted based on information and belief only.

5. It is admitted that MTC is a private corporation with a principal place of business in Utah that has provided corrections and supervision services at Wilkinson County Correctional Facility ("WCCF") since July 2013 pursuant to its contract with the Mississippi Department of Corrections. The remaining allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint are denied as stated.

6. The allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint are not directed to this Defendant, and no response is required. To the extent the allegations contained in Paragraph 6 attempt to impose any liability upon this Defendant, they are expressly denied.

## FACTS

7. It is admitted that in July 2017, Plaintiff was housed at WCCF on a protective custody unit. It is further admitted that MTC entered into a contract with MDOC in July 2013 to provide corrections and supervision services at WCCF. It is denied that Plaintiff was ever housed on "P-Zone" at WCCF. Defendant is currently without knowledge or information sufficient to form a belief

as to the truth of the remaining allegations contained in Paragraph 7 of the First Amended Complaint, and, therefore, the same are denied.

8. The allegations contained in Paragraph 8 of the First Amended Complaint are denied.

9. The allegations contained in Paragraph 9 of the First Amended Complaint are denied as stated.

10. It is admitted that on July 12, 2017, Plaintiff was taken to a local hospital for evaluation after he reported to a nurse that he had been assaulted two days earlier. Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the First Amended Complaint regarding the findings of Plaintiff's medical providers or treatment rendered. The remaining allegations contained in Paragraph 10 of the First Amended Complaint are denied as stated.

11. The allegations contained in Paragraph 11 of the First Amended Complaint are denied as stated.

12. The allegations contained in Paragraph 12 of the First Amended Complaint are denied.

13. Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the First Amended Complaint, and, therefore, the same are denied.

## CONDITIONS AT WCCF

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. It is admitted that MTC trains security personnel regarding the supervision of inmates. The remaining allegations contained in Paragraph 25 are denied.

20. Denied.

## GENERAL STATEMENT ON LIABILITY

21. Denied.

22. Defendant admits it has certain duties under state and/or federal law, and it denies it breached any of those duties as it pertains to Plaintiff. The remaining allegations contained in Paragraph 22 of the First Amended Complaint are denied.

## § 1983 CAUSES OF ACTION

### 1. Unconstitutional conditions of confinement, failure to train, supervise, staff and discipline

23. The legal conclusions contained in Paragraph 26 of Plaintiff's First Amended Complaint require no response from this Defendant. To the extent a response may be required, Defendant denies any and all liability from Plaintiff's claims filed against it pursuant to 42 U.S.C. § 1983.

24. The allegations contained in Paragraph 24 of Plaintiff's First Amended Complaint, including those allegations contained in subparagraphs (a) through (e), are denied.

25. Denied.

26. Denied.

27. The allegations contained in Paragraph 27 of Plaintiff's First Amended Complaint, including those allegations contained in subparagraphs (a) through (j), are denied.

28. Denied.

## 2. Ratification

29. Denied.

30. Denied.

31. Denied.

## PREMISES LIABILITY CLAIM

32. Defendant adopts and incorporates its responses to Paragraphs 1 through 31 of the First Amended Complaint as if fully set forth herein.

33. Defendant admits it has certain duties under the law, and it denies that it breached any of those duties as it pertains to Plaintiff. The remaining allegations contained in Paragraph 33 of Plaintiff's First Amended Complaint are denied.

34. Denied.

35. Denied.

## NEGLIGENT AND/OR GROSSLY NEGLIGENT HIRING AND SUPERVISION

36. Defendant adopts and incorporates its responses to Paragraphs 1 through 35 of the First Amended Complaint as if fully set forth herein.

37. Defendant admits it has certain duties under the law, and it denies that it breached any of those duties as it pertains to Plaintiff. The remaining allegations contained in Paragraph 37 of Plaintiff's First Amended Complaint are denied.

38. Denied.

## RESPONDEAT SUPERIOR/VICARIOUS LIABILITY

39. Defendant adopts and incorporates its responses to Paragraphs 1 through 38 of the Plaintiff's First Amended Complaint as if fully set forth herein.

40. Denied.

## PUNITIVE DAMAGES

41. Defendant adopts and incorporates its responses to Paragraphs 1 through 40 of the First Amended Complaint as if fully set forth herein.

42. Denied.

43. Denied.

## PRAYER FOR RELIEF

In response to the section of Plaintiff's First Amended Complaint titled "Prayer for Relief," including the allegations contained in subparagraphs (a) through (e), Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever from this Defendant.

## **THIRD DEFENSE**

AND NOW, having responded to the Plaintiff's First Amended Complaint [41], and having denied all liability, Defendant would show the Court the following special and affirmative matters:

## **FIRST AFFIRMATIVE DEFENSE**

Any and all allegations contained in Plaintiff's First Amended Complaint which have not been expressly admitted are denied.

## **SECOND AFFIRMATIVE DEFENSE**

No acts or omissions of any of this Defendant caused or contributed to any constitutional violations or injuries of Plaintiff, and all actions taken by this Defendant were done with probable cause, reasonable care, and in accordance with the policies and procedures of the Mississippi Department of Corrections.

## THIRD AFFIRMATIVE DEFENSE

At all times, this Defendant provided Plaintiff with care, custody, and security which was, at a minimum, adequate under the standards of the Constitution of the United States and the Constitution and Laws of the State of Mississippi.

## FOURTH AFFIRMATIVE DEFENSE

No rights, liberties, privileges, or constitutional rights were violated by this Defendant in any way. All applicable guidelines, rules, and policies were followed and complied with.

## FIFTH AFFIRMATIVE DEFENSE

The sole proximate cause of Plaintiff's injuries and damages, if any, was the negligence and/or intentional acts of Plaintiff or other third parties for which this Defendant can have no liability and should be dealt with according to the law of contributory and/or comparative negligence.

## SIXTH AFFIRMATIVE DEFENSE

This Defendant affirmatively pleads the provisions of MISS. CODE ANN. § 85-5-7 regarding apportionment of fault.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant committed no act that proximately caused or contributed to any alleged damages and/or injuries sustained by Plaintiff; Defendant breached no legal duty owed to Plaintiff, if any;

Defendant did not cause Plaintiff to sustain damages and/or injuries; and Defendant demands the suit filed against it to be dismissed with all costs taxed to Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages may be the result of a superseding, intervening cause for which this Defendant can have no liability.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff may have suffered from pre-existing conditions not caused or contributed to by the actions of this Defendant, and if so, there can be no recovery for said pre-existing conditions.

## TENTH AFFIRMATIVE DEFENSE

Defendant would show that Plaintiff has a duty to use reasonable care to mitigate damages, and any damages that could have been mitigated, and were not, are not recoverable.

## ELEVENTH AFFIRMATIVE DEFENSE

At all times, the actions of this Defendant were in good faith and objectively reasonable.

## TWELFTH AFFIRMATIVE DEFENSE

At all times material hereto, this Defendant acted in good faith reliance upon existing state and/or federal laws and acted without malice, deliberate indifference, reckless disregard, injurious intent, or wrongful motive.

## THIRTEENTH AFFIRMATIVE DEFENSE

This Defendant took prompt and reasonable action under the circumstances to correct and/or remedy any alleged wrongful conduct, which is denied.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant exercised the degree of care which a reasonably prudent person would have exercised under similar circumstances and, thus, did not breach any applicable duty owed to Plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

There is no act or omission or any type of gross negligence or willful or wanton conduct that would give rise to the imposition of punitive damages in this case or even the consideration of the same under state or federal law.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant invokes the safeguards of the Equal Protection Clause and Due Process Clause of the United States Constitution and Article Three, Section Fourteen, of the Mississippi Constitution, the provisions of MISS. CODE ANN. § 11-1-65 and § 11-46-15(2), and the Rooker-Feldman doctrine as a bar to recovery of punitive damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant incorporates by reference any and all limitations regarding the enforceability and the constitutionality of punitive damages awards as set forth in *BMW of America v. Gore*, 116 U.S. 1589 (1996), and *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003). The imposition of punitive damages violates various articles and sections of the Mississippi Constitution and the United States Constitution including the Due Process Clause and Excessive Fines Clause, and the standards are not clear and, therefore, the imposition of punitive damages against this Defendant is constitutionally vague and overly broad and violates the 8th and 14th Amendments of the Constitution of the United States of America and Article 3 and various sections thereunder of the Mississippi Constitution. Further, certain damages sought by Plaintiff and the imposition thereof

would violate the 5th and 14th Amendments of the United States Constitution and the corresponding provisions of the Mississippi Constitution.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The allegations contained in Plaintiff's Complaint may be barred by the applicable statute of limitations, statutes of repose, the doctrine of laches, waiver, and/or estoppel, release, and/or failure to meet any other and further applicable filing deadlines.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff may have failed to exhaust all available administrative remedies prior to filing suit, and all claims which were not properly exhausted are barred and should be dismissed.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's recovery of damages, if any, is limited by applicable state and/or federal law and the statutory limitations and caps contained therein.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Defendant asserts all rights, defenses, and limitations on recovery of damages set forth in MISS. CODE ANN. § 11-7-13 regarding wrongful death actions.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Defendant invokes and asserts all protections, defenses and limitations and caps set forth in the Mississippi Tort Reform Act, as codified at MISS. CODE ANN.§ 11-1-60.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to pre-judgment or post-judgment interest or attorney's fees as a matter of law.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Defendant pleads credit or setoff for any amounts paid to Plaintiff regarding the claims asserted herein.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff may have failed to join indispensable parties in order to properly adjudicate this matter, as set forth by Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

At all times, the actions of this Defendant were in good faith and objectively reasonable.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

At no time did this Defendant act with deliberate indifference to any right guaranteed to the Plaintiff by the U.S. Constitution.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to identify any actions or omissions on the part of this Defendant that rises to the level of a violation of his rights under the U.S. Constitution.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

This Defendant pleads all applicable provisions of the Prison Litigation Reform Act as a bar to the Plaintiff's claims or as a limitation of liability, which is denied.

### THIRTIETH AFFIRMATIVE DEFENSE

If Plaintiff suffered any injury as a result of the conduct of this Defendant, which is denied, the same was *de minimus* and Plaintiff's claims against it must be dismissed.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim for emotional damages, if any, is subject to the provisions and limitations of 42 U.S.C. § 1997e(e).

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely on such other and further defenses that may become available or apparent during discovery in this action and reserves the right to amend its answer to assert any such defenses.

WHEREFORE, PREMISES CONSIDERED, Defendant Management & Training Corporation respectfully requests that Plaintiff's First Amended Complaint against it be dismissed with all costs to be assessed against the Plaintiff.

Respectfully submitted, this the 2nd day of April, 2019.

                        MANAGEMENT & TRAINING CORPORATION

                        BY:   /s/ *Steven J. Griffin*
                                OF COUNSEL

ROY A. SMITH, JR. - BAR # 7599
rsmith@danielcoker.com
STEVEN J. GRIFFIN - BAR # 103218
sgriffin@danielcoker.com
DANIEL COKER HORTON AND BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE: (601) 969-7607
FACSIMILE: (601) 969-1116

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2019, I filed the foregoing pleading using the Court's electronic court filing system, which provided notice of the same to the following counsel of record:

>Charles R. Mullins, Esq.
>P.O. Box 1337
>Jackson, MS 39215-1337
>chuckm@coxwelllaw.com
>
>*Attorney for Plaintiff*

>/s/ *Steven J. Griffin*
>STEVEN J. GRIFFIN