IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

RAYMOND B. PITTS # N1832     PLAINTIFF

VS.     CIVIL ACTION NO. 5:18cv75-DCB-MTP

MANAGEMENT & TRAINING
CORPORATION AND JOHN AND JANE DOES
1-100.     DEFENDANTS

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

COMES NOW Defendant Management & Training Corporation, by and through counsel, and responds to Plaintiff's Motion to Compel [71], as follows:

## BACKGROUND

Plaintiff Raymond Pitts claims that on July 10, 2017, he was assaulted in his cell just after he and other inmates housed on the top tier of his protective custody housing unit at Wilkinson County Correctional Facility were released from their cells for recreation in the day room.

Pitts testified that when his cell door was opened, his cell mate left to get a shower, but Pitts decided to stay in the cell to sleep. Pitts testified that soon after his cell mate left for the shower, inmate Trenton McCray – who also was housed on the top tier and had been released from his cell at the same time as Plaintiff and other inmates on the top tier – entered the cell and started striking Plaintiff in the face and head, causing Plaintiff personal injuries. Pitts testified that McCray appeared to be using an unknown object wrapped in cloth during the assault, but it was not a sharpened instrument.

Pitts testified there were no witnesses to this incident. Pitts further testified that despite his requests for medical attention from the security staff working on his unit and the nurses who conducted pill call twice each day, he was not taken to the WCCF medical department until the morning of July 12, 2017.

Although Pitts has been in many altercations during his time in MDOC custody, he testified this was his first altercation during the four months he had been at WCCF. Pitts testified he had never

{D1286567.1}

had any problems with McCray prior to the subject incident, nor had he reported any issues with McCray to staff. Pitts believes the assault may have been related to a conflict he had previously encountered at the Mississippi State Penitentiary, where members of the Simon City Royals had blamed him for the confiscation of a contraband cell phone by staff.

Plaintiff asserts claims against MTC under both federal and state law, alleging deliberate indifference, negligence, and gross negligence.

MTC has produced more than 1,600 pages of documents in response to Plaintiff's various discovery requests in this case, including relevant MTC and MDOC policies and procedures; monthly compliance reports prepared by MDOC's contract monitor at WCCF for the period of July 2016 through February 2018; monthly statistical reports for WCCF regarding staffing levels, extraordinary occurrences, searches, contraband recovered, fire safety activities, maintenance activities, security threat group/gang activity, offender population levels, programs and services offered, food service data, medical data, public safety, and institutional safety for the period of July 2016 through June 2018; and comprehensive PREA audits conducted in 2016 and 2019 regarding safety and security issues at WCCF.

Plaintiff now additionally seeks the production of all audits conducted at WCCF since MTC took over operations of this facility in 2013, including MTC's own confidential internal audits of WCCF. Plaintiff propounded to Defendant the following supplemental request for production, and Defendant responded as follows:

> REQUEST NO. 1:  Please produce a copy of any and all audits, internal or external, conducted at the Wilkinson County Correctional Facility from 2013 to the present, by any organization, group, or individual including MTC, including but not limited to the May 2017 and November 2018 internal audits.
>
> RESPONSE:  This Defendant objects to this request as it is vague, overly broad, unduly burdensome, and seeks information which is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case. Particularly to the extent this request seeks the production of this Defendant's internal audits at WCCF, the documents requested were not generated in response to and do not reference

>   the incident forming the basis of this case. This Defendant further objects to this request to the extent it seeks information which constitutes self-critical analysis or self-evaluation for the purpose of self-improvement. Without waiving any objections, reference is made to the 2016 PREA Audit Report and 2019 PREA Audit Report, which have been produced.

*See* Exh. "A." MTC produced the two PREA audits that have been conducted at WCCF, as they are the only audits conducted by outside organizations since MTC took over operations of this facility. MTC withheld its own confidential internal audits of WCCF based on the objections noted in its response.

Following a telephonic discovery conference with the Court, the parties agreed to resolve their dispute over the production of MTC's internal audits of WCCF pursuant to the Court's recommendation, as follows:

> (1) MTC will produce audits of WCCF conducted between July 2014 and January 2018.
>
> (2) The audits produced will be limited to those that pertain in any way to security, inmate violence, contraband, facility staffing levels, and staff training (excludes audits pertaining to other issues, such as payroll, purchasing, education, computer networks/information systems, etc.).
>
> (3) MTC's internal audits are considered confidential and will be produced only pursuant to the terms of the Agreed Protective Order previously entered by the Court in each of the above-referenced cases, including the restrictions on which persons are permitted to view confidential information.
>
> (4) Any internal audits conducted subsequent to January 2018 will be submitted to the Court for an *in camera* review to determine whether they contain information relevant to the claims being asserted and whether any irrelevant information should be redacted.

Accordingly, MTC produced to Plaintiff internal audits it conducted of WCCF in July 2014, December 2015, and March 2017, pursuant to the Agreed Protective Order previously entered by the Court. *See* Exh. "B." On October 1, 2019, pursuant to the agreement reached by the parties, Defendant provided to the Court for *in camera* review copies of two reports that were prepared following

confidential internal audits it conducted of WCCF in July 2018 and November 2018. *See* Exh. "C." Plaintiff subsequently filed his Motion to Compel [71], seeking production of these two internal audit reports.

## ARGUMENT

### A. MTC's internal audits from July 2018 and November 2018 should be protected from disclosure

Rule 26(b)(1) of the Federal Rules of Civil Procedure provide that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

Evidence is considered relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence, and (b) the fact is of consequence in determining the action." FED. R. EVID. 401.

A protective order may be entered, for good cause shown, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; … (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; … (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way … ." FED. R. CIV. P. 26(c)(1).

MTC respectfully requests the Court to enter an order protecting from disclosure the reports from its July 2018 and November 2018 internal audits of WCCF.

{D1286567.1}   4

These audits occurred well after the incident forming the basis of this case and do not provide an accurate portrayal of MTC's policies or practices as they existed at WCCF in July 2017 when the subject incident involving Pitts occurred. To the extent either of these audits may reference deficiencies noted in the May 2017 internal audit of WCCF – such as issues with delayed classification decisions by MDOC, the need for a new roof and other infrastructure, drainage issues in the exterior areas of the complex, irregularities with count procedures, use of force incidents, and documentation of activity in restrictive housing – they have nothing to do with the incident forming the basis of this case and are irrelevant.

On the other hand, MTC has already provided Plaintiff with a copy of the internal audit it conducted of WCCF in March 2017, monthly compliance reports prepared by the MDOC contract monitor assigned to WCCF from July 2016 through February 2018, as well as monthly statistical reports covering the period of July 2016 through June 2018 regarding this facility's staffing levels, extraordinary occurrences, searches, contraband recovered, fire safety activities, maintenance activities, security threat group/gang activity, offender population levels, programs and services offered, food service data, medical data, public safety, and institutional safety.

Additionally, the internal audits of WCCF in July 2018 and November 2018 address many issues that do not pertain to inmate-on-inmate violence and are completely irrelevant to the claims asserted in this case. This includes auditing of the facility's food services and equipment, offender services and programs (recreation, showers, education, etc.), facility sanitation, state-issued materials, tool control, transportation, staff use of force, infrastructure, physical plant, and information systems.

Also, information contained in MTC's internal audits regarding other inmates and other incidents unrelated to the incident forming the basis of this case is irrelevant and should be protected from disclosure (i.e., p. 5 of November 2018 audit, describing incident on 11/9/18 on J-Pod; p. 23 of November 2018 audit, describing three use-of-force incidents).

To establish liability against MTC under 42 U.S.C. § 1983, Plaintiff must prove that (1) there is a policymaker who could be held responsible, through actual or constructive knowledge, for enforcing a policy or custom that caused the claimed injury; (2) the corporation has an official custom or policy which could subject it to § 1983 liability; and (3) the corporate action was taken with the requisite degree of culpability, and show a direct causal link between the action and the deprivation of federal rights. *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). The information contained in the July 2018 and November 2018 internal audit reports sought by Plaintiff do not help establish the existence of a policy or practice attributable to MTC that was a proximate cause of Plaintiff's injuries in this case.

For all of the foregoing reasons, MTC respectfully requests the Court to deny Plaintiff's Motion to Compel and to enter an order protecting its July 2018 and November 2018 internal audit reports from disclosure.

      **B.**      **Alternatively, irrelevant information contained in MTC's internal audit reports should be redacted prior to disclosure**

Alternatively, should the Court determine that any portion of MTC's internal audit reports from July 2018 and November 2018 are discoverable, MTC respectfully requests the Court to redact those portions of the internal audits which it deems irrelevant to the claims being asserted in the above-referenced civil actions.

As discussed *supra*, the audit reports in question contain extensive information regarding matters which having nothing to do with the claims and defenses asserted in this case. This includes WCCF's food services and equipment, offender services and programs (recreation, showers, education, etc.), offender classification, count procedures, facility sanitation, state-issued materials, tool control, transportation, use of force by staff, infrastructure, physical plant, and information systems. The November 2018 audit also includes information regarding the names of other inmates and descriptions of other incidents which are unrelated to the incident forming the basis of this case. Any such

information is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and should be protected from disclosure.

Additionally, because the information contained in the July 2018 and November 2018 internal audit reports constitute confidential proprietary and sensitive security information regarding MTC's operations at WCCF, any such disclosures should be made only pursuant to the Agreed Protective Order [65] previously entered by the Court. Counsel for Plaintiff has previously indicated there are no objections to this request.

## CONCLUSION

MTC respectfully requests the Court to enter an order protecting from disclosure the reports from its July 2018 and November 2018 internal audits of WCCF. Alternatively, MTC respectfully requests the Court to redact those portions of the July 2018 and November 2018 audits which it deems irrelevant to the claims being asserted, and it requests that any such disclosures be made only pursuant to the Agreed Protective Order previously entered by the Court. Defendant further requests any additional relief the Court deems appropriate.

Respectfully submitted, this the 18th day of October, 2019.

        MANAGEMENT & TRAINING CORPORATION, DEFENDANT

        BY:   */s/ Steven J. Griffin*
                 OF COUNSEL

STEVEN J. GRIFFIN - MS BAR NO. 103218
sgriffin@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE:   601-969-7607
FACSIMILE:   601-969-1116

## **CERTIFICATE OF SERVICE**

I do hereby certify that on October 18, 2019 I electronically filed the foregoing with the Clerk of the Court using the ECF system to all counsel of record.

                                                         */s/ Steven J. Griffin*