IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**RAYMOND B. PITTS**                                                            **PLAINTIFF**

**VS.**                                                     **CAUSE NO. 5:18-cv-75-DCB-MTP**

**MANAGEMENT & TRAINING CORPORATION,**
**and JOHN AND JANE DOES 1-100**                             **DEFENDANTS**

### PLAINTIFF'S REPLY TO MTC's RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

MTC failed to distinguish any of the Plaintiff's cases which clearly require MTC to produce the internal audits in question. MTC failed to cite one case to this Court to support its position that the internal audits are not discoverable. For the reasons stated below, the July 2018 and November 2018 audits must be produced.

1. MTC's first argument is that the audits should not be produced because they were conducted after the Plaintiff was brutally attacked in its prison. However, the Plaintiff cited numerous cases which hold that reports which are produced after a subject incident are discoverable. The admissibility of those documents at trial is another matter. See *Shepherd v. Dallas County,* 591 F.3d 445 (5th Cir. 2009) upheld the use of subsequent reports; *Grandstaff v. City of Boyer, Texas,* 767 F.2d 161 (5th Cir. 1985); *Beck v. City of Pittsburg,* 89 F.3d 966 (3rd. Cir. 1996) (Excessive force complaint filed after the Plaintiff's incident "may have evidentiary value for a jury's consideration whether the City and policy makers had a pattern of tacitly approving the use of excessive force."); *Foley v. City of Lowell, Mass.,* 948 F.2d 10, 14 ("actions taken subsequent to an event are admissible if, and to the extent that, they provide reliable insight into the policy in force at the time of the incident." Citing *Bordano v. McCleod,* 871 F.2d 1151

(1st Cir. 1989)). "Moreover, subsequent remedial measures are discoverable. *Breaux v. Haliburton Energy Servs.*, Civ. Action No. 04-1636, 2006 U.S. Dist. LEXIS 66291, 2006 WL 2700057, at *2 (E.D. La. Sept. 18, 2006). Certainly, while some of the evidence sought by plaintiff may not be admissible at trial, see Fed. R. Evid. 407, that does not undermine its discoverability. *See Fed.R.Civ.P. 26(b)(1)*".

2. MTC also argues that matters in the audit which are not related to inmate on inmate violence are *irrelevant* to claims asserted in this case. Once again, that is not the standard. The proper standard is whether the information is calculated to lead to the discovery of admissible evidence. MTC cannot simply shield information from discovery because it may not be admissible at trial and it cites no cases supporting this position.

3. MTC next claims that audits do not help show MTC had policies or practices that were the *proximate cause* of the plaintiff's injuries. Again, the Plaintiff does not have to demonstrate that the audits show that MTC's policies and practices were the proximate cause of his injuries in order to obtain such documents in discovery.

4. In addition to the above cited cases, MTC has undercut its entire argument by already producing two PREA audits, one conducted in 2016 and the other in 2019. The Plaintiff's case *has absolutely nothing to do with a PREA claim* yet MTC produced both, one of which was conducted *two years after the Plaintiff's assault*. One must ask why MTC would produce audits which are clearly irrelevant to the Plaintiff's claims and one of which occurred subsequent to the Plaintiff's assault and at the same time argue to this court that the 2018 audits conducted *after* the Plaintiff's assault should not be considered discoverable. MTC clearly only wishes to produce audits which cast it in a good light while audits which reveal gross mismanagement of its prison which causes/contributes to the failure to protect inmates is somehow considered

beyond the scope of discovery. Unfortunately for MTC the discovery rules do not protect incriminating documents.

The Court is requested to direct MTC to produce the July 2018 and November 2018 audits without redaction. A protective order is already in place to ensure these audits will not be disclosed to the public.

RESPECTFULLY SUBMITTED, this the 25th day of October, 2019.

RAYMOND B. PITTS, PLAINTIFF

BY:   /s/ Charles R. Mullins
CHARLES R. MULLINS

OF COUNSEL:

CHARLES R. MULLINS (MB# 9821)
COXWELL & ASSOCIATES, PLLC
Post Office Box 1337
Jackson, Mississippi 39215-1337
Telephone: (601) 948-1600
Facsimile: (601) 948-7097
Email: chuckm@coxwelllaw.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I, Charles R. Mullins, attorney of record for the Plaintiff in the above-styled and referenced matter, do hereby certify that I have this date filed the above and foregoing, with the Clerk of the Court and electronic mail to all known counsel of record.

THIS, the 25th day of October, 2019.

/s/ Charles R. Mullins
CHARLES R. MULLINS